IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff-Respondent<br><br>vs.<br><br>Carlos Alonso-Rodriguez,<br><br>    Defendant-Movant. | CR 04-1221-PHX-NVW<br><br>CV 06-0652-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Carlos Alonso-Rodriguez ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #24. On November 18, 2004, Movant pleaded guilty to Count 2 of the Information, Reentry After Deportation, in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2). Doc. #13; Doc. #28, Exh. A at 34. On March 7, 2005, Movant was sentenced to the custody of the Bureau of Prisons for 41 months followed by supervised release for three years. Doc. #12. Movant filed his motion to vacate on February 27, 2006. Doc. #24. The District Court screened the motion in an order filed on March 27, 2006 and ordered service of process upon Respondent. Doc. #26.

Movant alleges four grounds for relief in his motion. First, he alleges that his guilty plea was involuntarily induced because he did not understand the charges or the potential

consequences and his attorney failed to explain these issues.  Second, Movant alleges that the probation officer over-represented his criminal history points in the pre-sentence report. Third, Movant appears to allege that he was entitled to a downward departure based on the "fast track" early disposition program, and that his plea agreement did not contain a specific term of imprisonment and instead contained several ranges.  Fourth, Movant alleges that his attorney provided ineffective assistance of counsel by failing to properly explain the charges to him and overstated the penalty he would receive without the plea agreement.  On May 30, 2006, Respondent filed a Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Doc. #28.  Movant has not filed a reply.

## DISCUSSION

The government argues in its response that, other than his ineffective assistance of counsel claims, Movant's grounds for relief are foreclosed by the plea agreement in which he waives the right to challenge his conviction and sentence.  In addition, the government argues that Movant has failed to show he received ineffective assistance of counsel.

**A.    Waiver**

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), cert. denied, 126 S.Ct. 198 (2005).  A waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made.  Id.  In addition to a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).  A waiver of the right to bring a § 2255 action likely would not include a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the plea involuntary.  See Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain).

Here, Movant waived any objection to the judgment of conviction and sentence as long as the sentence imposed was consistent with the plea agreement. Doc. #13 at 5. Movant's express waiver in his plea agreement stated in relevant part:

> The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Id. Based on the agreed offense levels and adjustments set forth in the plea agreement, Movant faced a maximum sentence of 63 months in prison. Doc. #13 at 3-4; Doc. #28, Exh. A at 18. Thus, his sentence of 41 months was well within the range permitted under the plea.

Regarding Movant's understanding of the waiver, he testified during the change of plea proceedings that he understood his plea agreement, that it reflected all the promises made to him and that he agreed with everything in it. Doc. #28, Exh. A at 14-16. More specifically, Movant stated that he understood and agreed that he was giving up his right to appeal or collaterally attack the judgment and sentence. Doc. #28, Exh. A at 23. Movant stated that he understood and agreed that he could not in the future attack the validity or correctness of the conviction or sentence. Id. When asked if he was pleading guilty voluntarily, Movant answered "yes." Id. at 24. Movant signed the plea agreement indicating that he agreed to all of its terms and conditions. Doc. #13 at 7-8.

The allegations in grounds two and three of Movant's § 2255 motion to vacate do not pertain to the voluntariness of the plea agreement or the waiver. Movant's plea agreement expressly waived his right to raise these issues by way of a direct appeal or collateral attack and his guilty plea pursuant to the agreement was accepted as knowingly, intelligently and voluntarily made. Consequently, the court finds that Movant waived the claims in grounds two and three of his § 2255 motion and recommends that they be denied.

**B.     Ineffective Assistance of Counsel**

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. The Strickland test also applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below the level of competence demanded of attorneys in criminal cases. Id. at 56. To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Although labeled differently, grounds one and four both contain allegations of ineffective assistance of counsel and will be addressed together. Movant contends that his attorney failed to adequately explain the charges and possible defenses, failed to adequately explain the range of prison time authorized under the plea, intimidated Movant into accepting the plea by telling him he could receive up to 40 years, and failed to spend sufficient time with Movant to establish an attorney/client relationship and prepare a defense.

Movant's claims are undermined by the change of plea hearing transcript. Movant was asked during the change of plea if he was satisfied with his lawyer's representation and he responded "yes." Doc. #28, Exh. A at 10. The court asked Movant if there was anything his lawyer should do or anything Movant wanted him to do that he has not done and Movant responded "no." Id. Movant also said "yes" when the court asked whether he had seen the charging document, whether he discussed it with his lawyer and whether his lawyer answered all his questions about it. Doc. #28, Exh. A at 10-11. The court also directly asked Movant's

1  counsel if he discussed possible defenses with Movant in light of the fact that Movant was
2  first seen soon after he was in the United States, not while actually crossing the border. Doc.
3  #28, Exh. A at 32. Counsel stated that he explained a defense based on that fact and that
4  Movant wished to waive that possible defense and accept the plea agreement. Id. When the
5  court asked Movant if that was correct, he responded "yes." Id. Thus, the transcript
6  establishes that Movant entered the plea with a clear understanding of the charges and any
7  possible defenses to those charges. There is nothing beyond Movant's conclusory allegations
8  to support a claim of ineffective assistance on this basis.

9       Movant's claim that his lawyer failed to adequately inform him of the consequences
10 of the plea agreement must also fail. Movant's plea agreement contains three different
11 sentencing ranges that the parties agreed to depending on the offense level and criminal
12 history score. Doc. #13 at 2-4. The court explained during the change of plea proceeding
13 that the maximum guideline range under the plea agreement provided for a sentence of up
14 to 63 months in prison. Doc. #28, Exh. A at 18. The court told Movant that depending on
15 his criminal history score he could be sentenced up to that amount of time in prison and
16 Movant stated that he understood. Id. The court further explained that until the presentence
17 report was prepared, no one, including his lawyer, could tell Movant with certainty which
18 guidelines range would apply to him. Id. Movant's lawyer stated that he explained the
19 sentencing guidelines to Movant and gave his best estimate of the range that would apply to
20 Movant. Doc. #28, Exh. A at 17-18. Thus, the evidence fails to support Movant's claim that
21 he was not adequately informed of the possible sentence. Both his lawyer and the court
22 advised Movant of the potential consequences of his guilty plea. Movant has failed to
23 demonstrate that his attorney provided ineffective assistance in this regard.

24      Regarding Movant's claim that his lawyer intimidated him into accepting the plea, he
25 fails to offer any support for such a claim. Movant states that his lawyer did so by telling
26 him he could receive up to 40 years in prison if he was convicted of both offenses and if the
27 sentences ran consecutively. Even if his lawyer said this, it does not show that Movant was
28 intimidated into accepting the plea. When asked directly if anyone threatened him or in any

1 way forced him to enter the plea agreement, Movant answered "no." Doc. #28, Exh. A at 24.
2 Additionally, Movant fails to even allege that he would not have entered the plea agreement
3 if his lawyer had not advised him that way.  For these reasons, Movant has failed to show
4 that his lawyer provided ineffective assistance of counsel by intimidating him, and has failed
5 to establish prejudice.

6       Finally, Movant's contention that his lawyer failed to spend adequate time with him
7 to prepare a defense is unsupported by the record.  As referenced above, Movant told the
8 judge that he was satisfied with his lawyer's representation and that there was nothing more
9 he thought his lawyer should do.  In addition, Movant agreed that he and his lawyer had
10 discussed a defense to the charges and Movant wished to waive the defense and accept the
11 plea. Movant has offered no evidence to support his claim of ineffective assistance based on
12 the failure to spend more time with him.

13       For the above reasons, the court finds that Movant's allegations of ineffective
14 assistance of counsel are unsupported by the record.  Accordingly, the court will recommend
15 that Movant's allegations in grounds one and four of his motion to vacate be denied.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 **IT IS THEREFORE RECOMMENDED:**
25       That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal
26 Custody pursuant to 28 U.S.C. § 2255 (Doc. #24) be **DENIED**;
27       This recommendation is not an order that is immediately appealable to the Ninth
28 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

1  Appellate Procedure, should not be filed until entry of the district court's judgment. The
2  parties shall have ten days from the date of service of a copy of this recommendation within
3  which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.
4  Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
5  response to the objections. Failure to timely file objections to the Magistrate Judge's Report
6  and Recommendation may result in the acceptance of the Report and Recommendation by
7  the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,
8  1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
9  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
10 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
11 recommendation. <u>See</u> Fed. R. Civ. P. 72.

       DATED this 20th day of November, 2006.

_____
Edward C. Voss
United States Magistrate Judge

- 7 -